# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO: 11-271 |
| RAYMOND PORTER | SECTION: "H" |

## ORDER AND REASONS

Before the Court is Defendant Raymond Porter's Petition for Relief under 28 U.S.C. § 2255 (Doc. 1501). For the following reasons, Defendant's Petition for Relief is **DENIED**.

## BACKGROUND

On May 24, 2013, a jury convicted Defendant Raymond Porter of Conspiracy to Possess with Intent to Distribute One Kilogram or More of Heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; and Use of a Communication Facility in Committing Conspiracy to Distribute Heroin in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2. He was sentenced by this Court to a mandatory minimum sentence of 240 months. Porter appealed. The Fifth Circuit affirmed his conviction but remanded for resentencing because the Court had erroneously calculated the mandatory minimum based on a

1

conspiracy-wide quantity of drugs, rather than on the quantity attributable to Porter individually. At his resentencing, the Court found that Porter was responsible for an amount of heroin between three and ten kilograms and sentenced him to a term of 151 months. That sentence was affirmed by the Fifth Circuit.

Defendant now moves for relief from his sentence or conviction pursuant to 28 U.S.C. § 2255. The Court will consider each of Defendant's arguments for relief under § 2255 in turn.

## **LEGAL STANDARD**

28 U.S.C. § 2255(a) provides a prisoner with four grounds upon which he may seek relief from his sentence: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" or (4) that the sentence "is otherwise subject to collateral attack."[1] Generally, a claim not raised on direct appeal may not be raised on collateral review "unless the petitioner shows cause and prejudice" or actual innocence.[2] The Supreme Court has held, however, that "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought" in a § 2255 proceeding.[3]

---

[1] 28 U.S.C. § 2255(a).
[2] Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 622 (1998).
[3] *Massaro*, 538 U.S. at 509; *see also, e.g.*, United States v. Johnson, 124 F. App'x 914, 915 (5th Cir. 2005).

## LAW AND ANALYSIS

In his Motion, Defendant predominantly complains that his counsel was ineffective for failing to object to the drug quantity used at sentencing. "The Sixth Amendment requires effective assistance of counsel at critical stages of a criminal proceeding," which includes during trial.[4] Nevertheless, "the right to counsel does not guarantee error-free counsel."[5]

The Supreme Court in *Strickland v. Washington* established a two-part test to determine when a defendant's right to effective assistance of counsel has been violated.[6] "To demonstrate that counsel was constitutionally ineffective, a defendant must show that [1] counsel's representation 'fell below an objective standard of reasonableness' *and* [2] that he was prejudiced as a result."[7]

"When evaluating the first *Strickland* criterion, [the Court] 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'"[8] Courts "must make 'every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'"[9] Overall, "judicial scrutiny of counsel's performance must be highly deferential."[10]

---

[4] Lafler v. Cooper, 566 U.S. 156, 165 (2012) (internal citations omitted).
[5] United States v. Freeman, 818 F.3d 175, 178 (5th Cir. 2016).
[6] Strickland v. Washington, 466 U.S. 668, 687–88, 694 (1984).
[7] Lee v. United States, 137 S. Ct. 1958, 1964 (2017) (quoting *Strickland*, 466 U.S. at 688) (emphasis added).
[8] United States v. Fields, 565 F.3d 290, 294 (5th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689).
[9] *Id.* at 294 (quoting *Strickland*, 466 U.S. at 689).
[10] *Id.* (quoting *Strickland*, 466 U.S. at 689).

"To establish *Strickland* prejudice a defendant must 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"[11] "A failure to establish either deficient performance or resulting prejudice defeats the [defendant's] claim."[12]

Defendant argues that his counsel was ineffective when he failed to object at sentencing to the Court's finding that Defendant was personally responsible for between three and ten kilograms of heroin. Defendant argues that this finding violated his rights because the jury only found him guilty of conspiring to possess and distribute one kilogram. He argues that the Court's finding of a drug quantity between three and ten kilograms was neither charged in the indictment, presented to the grand jury, nor proven to the jury.

Defendant's argument misunderstands the law. Defendant is only entitled to a jury finding of the drug quantity individually attributable to him if it is used to increase his statutory maximum or minimum sentence.[13] Defendant is not entitled to a jury finding of the drug quantity used to determine his sentencing guidelines.[14] The drug quantity used to determine a

---

[11] *Lafler*, 566 U.S. at 163 (quoting *Strickland*, 466 U.S. at 694).
[12] United States v. Chavez, 193 F.3d 375, 378 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 697).
[13] *See* United States v. Haines, 803 F.3d 713, 738 (5th Cir. 2015) ("In *Apprendi v. New Jersey* and *Alleyne v. United States*, the Supreme Court held that factual determinations that increase maximum or minimum sentences, other than a prior conviction, must be found by a jury beyond a reasonable doubt (or admitted by the defendant)." (internal citations omitted)).
[14] "The decision in *Apprendi* was specifically limited to facts which increase the penalty beyond the statutory maximum, and does not invalidate a court's factual finding for the purposes of determining the applicable Sentencing Guidelines. *Apprendi* did not affect the Supreme Court's prior holding in *Edwards v. United States* that the judge determines the kinds and amounts of the controlled substances when imposing sentences within the statutory range." *United States v. Doggett*, 230 F.3d 160, 166 (5th Cir. 2000) ("Doggett's sentence does not violate the Sixth Amendment or his due process rights under the Fifth

defendant's sentencing guideline range need only be proven by a preponderance of the evidence.[15] The fact that the jury found beyond a reasonable doubt that Defendant was responsible for one kilogram of heroin "sheds no light on whether a preponderance of the evidence established the larger quantities."[16]

Further, the record shows that Defendant's sentencing counsel did in fact object to the Court's drug quantity calculation, arguing that the record did not show facts supporting a finding that Defendant was accountable for between three and ten kilograms of heroin.[17] The Court overruled this objection,[18] and the Fifth Circuit affirmed its calculation.[19] The fact that Defendant's counsel was unsuccessful in his argument does not render his assistance constitutionally ineffective. Defendant's Motion fails on this ground.

Defendant next contends that his sentence should be vacated because he was denied his right to self-representation on appeal. "[I]n *Martinez v. Court of Appeal*, the Supreme Court explicitly held that there is no federal constitutional right to self-representation on direct appeal from a criminal conviction."[20] Even so, the appellate record reveals that Defendant was not denied the opportunity to represent himself. After initially indicating that he

---

Amendment, as the district judge's finding of the amount of drugs merely aided him in rendering the proper sentence within the statutory range authorized by the jury's verdict.") (internal citations omitted).

[15] United States v. Thomas, 690 F.3d 358, 374 (5th Cir. 2012).
[16] *Id.* at 375.
[17] *See* Docs. 1286, 1348.
[18] Doc. 1348.
[19] United States v. Porter, 721 F. App'x 377, 378 (5th Cir. 2018).
[20] Shields v. Dretke, 122 F. App'x 133, 145 (5th Cir. 2005) (citing Martinez v. Court of Appeal of California, Fourth Appellate Dist., 528 U.S. 152, 163 (2000)).

would represent himself on appeal, Defendant later filed a motion to appoint counsel, stating that "[a]lthough Appellant had informed the Court, in error, that he would like to proceed in pro se, Appellant now feels that he will not be able to do so and ask [sic] that counsel be appointed."[21] Accordingly, Defendant was not denied any constitutional right.

Finally, Defendant makes several arguments regarding the sufficiency of the evidence against him. The Fifth Circuit has already held that sufficient evidence was presented at trial to support his conviction.[22] Accordingly, this Court cannot now consider those issues at this stage in the proceeding.

## CONCLUSION

For the foregoing reasons, Defendant's request for § 2255 relief is **DENIED**.

New Orleans, Louisiana this 1st day of November, 2019.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[21] Appellate Case No. 16-30807, Doc. 00513719192.
[22] *See Haines*, 803 F.3d at 736.